*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                          :
DERRICK GRANT,                            :
                                          :
            Plaintiff,                    :
                                          :
                                          :   Case No. 12-cv-06248 (FLW)
      v.                                  :
                                          :
                                          :   OPINION
JPMORGAN CHASE BANK, et al.,              :
                                          :
            Defendants.                   :
                                          :
                                          :
_____       :

**WOLFSON, United States District Judge:**

   *Pro se* Plaintiff Derrick Grant ("Plaintiff") has filed a Complaint seeking to quiet title on real property for which he is not a record owner. He also asserts violations of the Fair Debt Collection Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"), as well as a common law action for fraud. Defendants JPMorgan Chase Bank and Mortgage Electronic Registration Systems, Inc. ("Defendants") filed a Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). However, as Defendants made this motion prior to the close of pleadings, the Court will consider it pursuant to Fed R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' Motion is granted.

   I. BACKGROUND

   In his Complaint, filed on October 5, 2012, Plaintiff asserts that he is in "literal possession" of real property located at 712 Doris Terrace, Neptune, New Jersey 07753 ("Property"). Compl. ¶¶ 1-2; Compl. Ex. A.  Plaintiff further contends that he has a "bona fide

1

interest 'Equity' in and a Claim of Right" to the Property.  Compl. at ¶¶ 1-2. Throughout the complaint, Plaintiff makes references to a "debt collector" who was "acting as the authorized agent" for the Defendants and who made various representations to Plaintiff in violations of the FDCPA and TILA. See Compl. ¶¶ 5, 7, 9. Plaintiff does not provide any more specifics about the debt collector or his or her representations. On November 21, 2012, Defendants filed a Motion for Judgment on the Pleadings because Plaintiff failed to allege sufficient facts to satisfy the pleading requirements for an action to quiet title, fraud, an FDCPA claim, or a TILA claim.

## II. JURISDICTION

Plaintiff initially alleged that this Court has subject matter jurisdiction under 28 U.S.C. § 1332 due to a diversity of citizenship between Plaintiff and Defendants.  Compl. ¶ 2.  However, in a letter to this court dated October 22, 2012, Plaintiff disclaimed diversity and invoked "federal question" jurisdiction under 28 U.S.C. § 1331, based upon his FDCPA and TILA claims.  FDCPA and TILA explicitly authorize jurisdiction in United States district courts. See 15 U.S.C. § 1692k(d) [FDCPA]; 15 U.S.C. § 1640(e) [TILA]. Therefore, the Court has jurisdiction over Plaintiff's TILA and FDCPA claims, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law actions to quiet title and for fraud.

## III. DISCUSSION

The standard that a court applies on a Rule 12(b)(6) Motion to Dismiss is the same standard that a court applies in deciding a Motion for Judgment on the Pleadings pursuant to Rule 12(c). Turbe v. Government of Virgin Islands, 938 F.2d 427 (3d Cir. 1991); see also Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004). When reviewing a Motion to Dismiss, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff

may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal citation and quotations omitted). The touchstone of the analysis "is whether the parties' well-plead allegations can sustain the causes of action alleged." White v. Rick Bus Co., 743 F. Supp. 2d 380, 384 n.6 (D.N.J. 2010). In order to survive, "a complaint must contain sufficient factual matter … to state a claim to relief that is plausible on its face[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, No. 11-CV-3096, --- F.3d ---- (3d Cir. 2013) ("The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief.") (citations and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678. However, the court "will not accept unsupported conclusory statements."  DiCarlo v. St. Mary Hosp., 530 F.3d 255, 263 (3d Cir. 2008); see also Iqbal, 556 U.S. 662, 678.

**A. FDCPA Claim**

The FDCPA prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt." 15 U.S.C. § 1692d.  A debt collector "may not use any false, deceptive, or misleading representations or means" or "any unfair or unconscionable means" in connection with the collection of debt.  15 U.S.C. §§ 1692e -1692f.  The FDCPA creates a private right of action against debt collectors who violate its provisions.  15 U.S.C. § 1692k; Brown v. Card Serv. Cent., 464 F.3d 450, 453 (3d Cir. 2006); Chulsky v. Hudson Law Offices, P.C., 777 F. Supp. 2d 823, 830 (D.N.J. 2011).  To state a claim under the FDCPA, a plaintiff must establish that "(1) he

3

or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." Berk v. J.P. Morgan Chase Bank, N.A., No. 11-CV-2715, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. § 1692a-o).

 Here, Plaintiff broadly alleges a violation of the FDCPA based on the "false representations of the 'character, amount [and] legal status' of the alleged 'Debt' " made by a "'debt collector,' acting as the authorized agent for the … Defendant[s]." Compl. ¶ 7. However, Plaintiff does not allege any facts whatsoever to support this claim, let alone facts sufficient to state a claim under the FDCPA. First, Plaintiff fails to state how he qualifies as a "consumer." 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obligated or allegedly obligated to pay any debt*.*"). Plaintiff also fails to identify either the debt or the debt collector. To the extent that Plaintiff is referring to the mortgage on the property at issue as "the debt," his conclusory allegations are insufficient. The only mortgage on the Property was executed by Joseph Creekmore to MERS as a nominee for Gateway. Plaintiff is mentioned nowhere in the mortgage or any other documentation related to the property at issue. Moreover, Plaintiff does not contend anywhere in the complaint that he signed documents associated with the mortgage for the property, nor is there any evidence that he did so. See Pennington v. Wells Fargo Bank, N.A., No. 11-CV-2896, 2012 WL 5199257 (E.D. Pa. Oct. 19, 2012) reconsideration denied, No. 11-CV-2896, 2013 WL 172207 (E.D. Pa. Jan. 15, 2013) (dismissing claim where plaintiff did not sign documents associated with mortgage). Finally, Plaintiff fails to plead how this alleged debt collector violated a provision of the FDCPA. In other words, Plaintiff makes the type of wholly unsupported and conclusory allegations that require dismissal under Rule 12(b)(6). Therefore,

Plaintiff's FDCPA claim is dismissed.

**B. TILA Claim**

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "[T]he Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638). Failure to comply with the Act may subject a lender "to statutory and actual damages traceable to a lender's failure to make the requisite disclosures." Id. (citing 15 U.S.C § 1640).

TILA was enacted to protect a *consumer* or *borrower* against the uninformed use of credit and against inaccurate and unfair practices. Plaintiff does not allege any facts to explain how he is a consumer or borrower subject to the protection of TILA. He does not claim to be a signatory to any loan, nor does he claim that any representations were made to him prior to signing any loan documents, nor does he actually identify the loan at issue or the alleged debt collector. Plaintiff again makes only unsupported, superficial, and conclusory allegations to state his claim. Therefore, Plaintiff's TILA claim is dismissed.

**C. Quiet Title**

The pleading requirements for a quiet title action are established by a state's quiet title statute. *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002). In New Jersey, a plaintiff seeking to quiet title "shall state the manner in which plaintiff either acquired title or the right to possession and shall describe the property with such certainty that

5

the defendant will be distinctly apprised of its location or character." N.J. Ct. R. 4:62-1.

As discussed *infra*, Plaintiff does not explain how he came to be in "literal possession" of the property. He does not provide any facts to explain his interest in the property, if any, and he does not explain if he has any legal relationship to Joseph Creekmore, the mortgagee. Plaintiff also uses a different address for correspondence than the address of the property at issue. Given this dearth of factual allegations, Plaintiff's complaint falls woefully short of satisfying the pleading requirements for an action to quiet title in New Jersey. I therefore dismiss Plaintiff's action to quiet title.

**D. Fraud**

In order to state a claim for fraud under New Jersey law, "a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The pleading requirements for fraud are stringent. "In all averments of fraud … the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* (citing Fed. R. Civ. P. 9(b)). "[T]he plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*

Plaintiff only loosely alleges fraud in his complaint.[1] For example, Plaintiff writes that "Plaintiffs … were fraudulently mislead and deceived into entering into an 'investment contract' without their knowledge or consent[.]"[2] Compl. ¶ 9. Such a claim amounts to nothing more than

---

[1] Though Plaintiff only alleges fraud in passing and may not have intended it to be a separate cause of action, in the interest of thoroughness, I address the allegation of fraud as if it were meant to be its own cause of action.

[2] It is unclear to whom this refers. Mr. Grant is the only Plaintiff, yet here he refers to "Plaintiffs" and refers to these "Plaintiffs" in the third-person.

6

a legal conclusion. Plaintiff does not state a single fact in support of any of the five elements necessary to state a claim for fraud, and his allegations certainly do not reach the level of particularity required for a cognizable fraud claim. Therefore, Plaintiff's fraud claim is dismissed.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss the Complaint. Plaintiff's TILA, FDCPA, Fraud, and Quiet Title actions are dismissed.


Dated:  April 10, 2013                                             /s/ Freda L. Wolfson
                                                                   Freda L. Wolfson, U.S.D.J.